MALLOY ET AL., APPELLANTS, *v.* CITY OF WESTLAKE ET AL., APPELLEES.

(No. 76-1361—Decided December 7, 1977.)

104

*Messrs. George, Greek, King, McMahon & McCon-naughey* and *Mr. William C. Moul,* for appellants.

*Messrs. Gareau & Gareau, Mr. Patrick A. Gareau* and *Mr. Daniel J. Kolick,* for appellees.

SWEENEY, J. The issue in the instant cause is whether failure to serve the Attorney General with a copy of the proceeding in a declaratory judgment action challenging the constitutionality of an ordinance precludes the Court of Common Pleas from rendering a judgment. Appellants contend that Civ. R. 4, which does not require special service upon the Attorney General, supersedes the special service requirement of R. C. 2721.12. We disagree.

The law is clear in Ohio that special statutory provisions, if jurisdictional, are substantive laws of the state and cannot be abridged, enlarged, or modified by the Ohio

Rules of Civil Procedure. Section 5(B) of Article IV of the Ohio Constitution; *Akron* v. *Gay* (1976), 47 Ohio St. 2d 164. However, if these statutory provisions are procedural, the Ohio Rules of Civil Procedure will take precedence unless the rules would by their nature be clearly inapplicable. Civ. R. 1(C).

Although this court has never addressed itself to the issue of whether the requirement of serving the Attorney General under R. C. 2721.12 is a jurisdictional matter, it is clear from the origins and nature of the declaratory judgment action in Ohio, the mandatory language used in R. C. 2721.12, as well as decisions of other jurisdictions construing similar language requiring service upon the Attorney General, that the requirement is jurisdictional.

R. C. 2721.02 of the Declaratory Judgments Act provides:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *."

Although this provision does not extend the jurisdiction of courts over new subject matter (*State, ex rel. Foreman,* v. *Bellefontaine Municipal Court* [1967], 12 Ohio St. 2d 26, 28; paragraph three of the syllabus in *Sessions* v. *Skelton* [1955], 163 Ohio St. 409; see Borchard, Declaratory Judgments, 233 [2d Ed. 1941]), it does extend the power of the court to grant declaratory relief, provided such relief is already within its jurisdiction to grant (*Bellefontaine Municipal Court, supra,* at page 28; see *Radaszewski* v. *Keating* [1943], 141 Ohio St. 489, 496). Thus, in this special sense, courts in Ohio obtained jurisdiction under R. C. Chapter 2721 to grant declaratory judgments. *Ohio Farmers Ins. Co.* v. *Heisel* (1944), 143 Ohio St. 519, 521.

In granting this special power, the General Assembly provided in R. C. 2721.12, as follows:

"When declaratory relief is sought, all persons *shall* be made parties who have or claim any interest which would be affected by the declaration. No declaration *shall* prejudice the rights of persons not parties to the pro-

ceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation *shall* be made a party and *shall* be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, *the attorney general shall also be served with a copy of the proceeding and shall be heard.*" (Emphasis added.)

By employing the verb "shall" throughout R. C. 2721.-12, the General Assembly manifested a clear intent that the statute's provisions, including service upon the Attorney General, are mandatory. *Cleveland Ry. Co.* v. *Brescia* (1919), 100 Ohio St. 267; *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102. Because the declaratory judgment is specifically based on statute, it follows that these mandatory provisions are jurisdictional in nature, in that failure to meet these requirements precludes a court from properly rendering declaratory relief. Thus, in the case where a necessary party has not been joined, this court has held that there was no entitlement to declaratory relief. *Zanesville* v. *Zanesville Canal & Mfg. Co.* (1953), 159 Ohio St. 203; paragraph one of the syllabus in *Cincinnati* v. *Whitman* (1975), 44 Ohio St. 2d 58; *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301.

Furthermore, it is important to note that the General Assembly, in drafting R. C. 2721.12, included in the same paragraph both the provision requiring joinder of all necessary parties and the provision requiring service upon the Attorney General. Both of these parts of the statute are phrased in mandatory language, and, it would be inconsistent to hold that while the provision requiring joinder is jurisdictional, the provision requiring service on the Attorney General is merely procedural.

Finally, the court notes that the General Assembly specifically provided in R. C. 2721.14 that:

"Sections 2721.01 to 2721.15, inclusive, of the Revised Code shall be so interpreted and construed as to effectuate their general purpose to make the law of this state uniform with the law of those states which enact similar sections * * *."

In states which have adopted statutes similar to R. C. 2721.12, it has been held that the requirement of service upon the Attorney General in a declaratory judgment action is mandatory and jurisdictional. See, *e. g., Tobin* v. *Pursel* (Wyo. 1975), 539 P. 2d 361; *Center* v. *Appleton* (1975), 70 Wis. 2d 666, 235 N. W. 2d 504; *Sendak* v. *Debro* (Ind. 1976), 343 N. E. 2d 779; see, generally, 22 American Jurisprudence 2d 948, Declaratory Judgments, Section 85.

We therefore conclude that where, in a declaratory judgment action challenging the constitutionality of an ordinance, the Attorney General is not served a copy of the proceeding as required under R. C. 2721.12, declaratory relief is precluded.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CELEBREZZE and W. BROWN, JJ., concur.
HERBERT, P. BROWN and McCORMAC, JJ., dissent.

McCORMAC, J., of the Tenth Appellate District, sitting for LOCHER, J.

CELEBREZZE, J., concurring. I write solely to address appellants' contention that appellees, a municipal corporation and its administrative officers, have somehow waived the notice which R. C. 2721.12 requires be served upon the Attorney General. This statute does not provide for a waiver, express or implied.

Throughout the course of this litigation appellants have alleged that the disputed municipal ordinance conflicts with R. C. 124.38, and runs afoul of Sections 28 and 34, of Article II of the Ohio Constitution. However, the Attorney General has not, to date, been made aware of these proceedings, and therefore has been unable to identify the parties and the issues so that he might make a determination as to whether the state of Ohio should enter an appearance.

It would appear that the purpose of this notice provision is the enhancement of the quality of constitutional

litigation. The enactment of the General Assembly presumes that when a trial court is presented with a claim that a state or local legislative enactment is unconstitutional, declaratory relief may be rendered which effectively nullifies such enactment. Thus the requirement of service upon the Attorney General, together with the attendant right to be heard, is designed to safeguard the interests of the people, as embodied in the enactments of their representatives.

For this reason I concur in the conclusion reached by the majority, that service upon the Attorney General is, in the instant situation, a mandatory jurisdictional prerequisite.

McCORMAC, J., dissenting. There is no valid reason to hold that the failure to serve the Attorney General with a copy of the proceeding in a declaratory judgment action challenging the constitutionality of a municipal ordinance deprives the court of subject-matter jurisdiction.

Civ. R. 57 provides as follows: "The procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. * * *" There is no exception to the use of Civil Rule procedure in declaratory judgment actions, as provided in Civ. R. 1(C), since there is no reason to deviate therefrom. Frequently, a declaratory judgment is only an additional remedy and is not precluded by the availability of other relief. R. C. 2721.02. Thus, the Civil Rules, including those pertaining to joinder of parties and the effect of failure to join a party, apply unless R. C. 2721.12 limits the power of a court to act in a declaratory judgment action.

R. C. 2721.02 sets forth the subject-matter jurisdiction of courts in declaratory judgment actions. R. C. 2721.12, which is captioned, "Declaratory relief; parties," sets forth the procedure to be used in the joinder of parties as well as describing the effect of nonjoinder of parties. It is not a jurisdictional provision. Its very language quoted by the majority so indicates. Why would there be any nec-

essity for the provision that "[n]o declaration shall prejudice the rights of persons not parties to the proceeding" if the trial court lacks power to render a valid judgment without such persons being made parties to the action?

It begs the question to hold that the requirements of R. C. 2721.12 are jurisdictional because they are expressed in mandatory language. An otherwise procedural requirement does not become jurisdictional by making the procedure mandatory. Prior to the Civil Rules, one of the basic statutes providing for joinder of parties was mandatory in nature. R. C. 2307.20 provided that parties who are united in interest must be joined as plaintiffs or defendants. Civ. R. 19, together with Civ. R. 12(G) and (H), contrary to pre-civil rule practice, permit waiver of that provision unless the absence is deemed to be that of an indispensable party. The important point is that Civ. R. 19 is not jurisdictional, but procedural, and within the Supreme Court's rule-making power. The better holding is that even the failure to join an indispensable party is not a jurisdictional defect. See Hazard, Indispensable Party; The Historical Origin of a Procedural Phantom, 61 Colum. L. Rev. 1254, 1255-6 (1961).

The fact that a few other states have held the statutory requirement of service upon the Attorney General in a declaratory judgment action to be mandatory and jurisdictional is not a convincing reason for us to blindly follow their "leadership." The cases of *Tobin* v. *Pursel* (Wyo. 1975), 539 P. 2d 361, and *Sendak* v. *Debro* (Ind. 1976), 343 N. E. 2d 779, both involved the constitutionality of a state statute rather than a municipal ordinance. In the instance of a municipal ordinance, the only state interest is the theoretical enhancement of the quality of constitutional litigation. This is because the determination between the city and a private party of the constitutionality of the municipal ordinance will affect only those parties involved in the adversary system rather than other parties not so involved. R. C. 2721.14 also provides that the Ohio Declaratory Judgments

Act shall be interpreted to harmonize with federal laws and regulations on the subject of declaratory judgments and decrees. Fed. R. Civ. P. 57 provides in pertinent part: "The procedure for obtaining a declaratory judgment pursuant to Title 28, U. S. C., § 2201, shall be in accordance with these rules, * * *" Thus, Fed. R. Civ. P. 57 is consistent with Civ. R. 57. A leading authority states: "Accordingly, many courts have stated the obvious principle that Rule 19 is fully applicable to these actions." Wright & Miller, Federal Practice and Procedure: Civil, 167, Section 1616 (1972). As further pointed out by Wright & Miller, at pages 170-171, the judicial discretion available in declaratory actions and the flexibility provided by Rule 19 may be used as a reason for declining to adjudicate a case in which an absent party who is not indispensable should be joined. The pertinent point is that it is a matter of discretion rather than of jurisdiction.

The *Zanesville, Cincinnati* and *Gannon* cases cited by the majority are all distinguishable. In *Zanesville* v. *Zanesville Canal & Mfg. Co.* (1953), 159 Ohio St. 203, Muskingum County was an interested party which could claim a possible reversionary interest in the fee and was a necessary party to the declaratory judgment action both under R. C. 2721.12 and Civ. R. 19(A). Under Civ. R. 19(A), the city of Zanesville was a necessary party which must be joined since it was subject to service of process. Hence, there is no inconsistency between the *Zanesville* holding and the Civil Rules. Similarly, *Cincinnati* v. *Whitman* (1975), 44 Ohio St. 2d 58, involved the absence of a necessary party, the Director of Environmental Protection who is affected by an adjudication of constitutionality of statutes pertaining to his duties. The director, pursuant to Civ. R. 19(A), is a necessary party for just adjudication. Since the director is subject to service of process, he must be joined. *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301, also involved the nonjoinder of necessary parties to a declaratory judgment. The employees in the *Gannon* case were required to be joined pursuant to Civ. R. 19(A). In all of

these cases, there is no inconsistency between R. C. 2721.12 and Civ. R. 19(A). The absent persons were necessary for just adjudication, pursuant to Civ. R. 19(A)(2), and must be joined because, in all instances, the missing persons were subject to service.

In the instant case, the Attorney General is not a person who has or claims an interest which would be affected by the declaratory judgment, since it was the constitutionality of a municipal ordinance rather than a state statute which was at issue. His interest is of a lesser nature. In effect, the Attorney General is in the position of an amicus curiae who, at his option, is permitted by R. C. 2721.12 to participate to help the court decide the matter correctly. It is very doubtful that the Attorney General's role in an adversary proceeding between a private party and a municipality is of great importance today in that most cities have legal departments which are fully capable of representing the city's interest without the aid of the Attorney General. (As a practical matter, the Attorney General rarely involves himself in such a case.) For that reason, Civ. R. 57 eliminates the procedural requirement of serving the Attorney General with a copy of the proceeding if the case involves the constitutionality of a municipal ordinance unless the Attorney General is otherwise a person needed for just adjudication as provided by Civ. R. 19(A).

In the instant case, the city of Westlake did not raise the issue of any failure to serve the Attorney General with a copy of the proceeding. On the other hand, the case was hotly litigated on the merits between the parties whose claimed interests would be affected by the declaration. The declaration does not prejudice the rights of persons not parties to the proceeding. In any event, no final determination binding throughout the state results until this court adjudicates the matter.

Common sense and judicial economy indicate that the Court of Appeals should hear the appeal on the merits since all interested parties required to be joined by Civ. R. 19 were before the court, rather than requiring that the

action be commenced again in the Court of Common Pleas on the basis that a procedural requirement in an outmoded statute is jurisdictional.

The judgment of the Court of Appeals should be reversed.

P. Brown, J., concurs in the foregoing dissenting opinion.