MEDINA TOWNSHIP TRUSTEES,
APPELLEE, *v.* ARMSTRONG UTILITIES,
INC., APPELLANT. ▮

(No. 1184—Decided March 2, 1983.)

*Mr. Gregory Happ,* prosecuting attorney, and *Mr. William L. Thorne,* for appellee.

*Mr. John C. Oberholtzer,* for appellant.

GEORGE, J. The Medina Township Trustees, appellee, applied to the trial court for an order of declaration as to the meaning and application of R.C. 505.91. Additionally, they requested an injunction against Armstrong Utilities, Inc., appellant, so as to enjoin the company from initiating cablevision service within the township until such time as there was an agreement for such service.

The township trustees claimed that Armstrong was required to obtain a contract prior to the establishment or operation of a cablevision service system in any portion of the unincorporated area of the township. Armstrong claimed that it was not required to enter into an agreement with the township trustees since it intended to serve an area which included less than five hundred potential subscribers. Further, Armstrong's answer included a defense challenging the constitutionality of R.C. 505.91.

The trial court held R.C. 505.91 to be constitutional; the provisions of R.C. 505.91 to be applicable to Armstrong's ac-

tivities; and enjoined Armstrong from constructing cablevision service within the unincorporated area of Medina Township until such time as there was a contract or the trustees no longer required such contract.

From that judgment Armstrong appeals, claiming the court erred in three respects:

"I. * * * [by] enjoining appellant from constructing a cable television service in Medina Township without a contract.

"II. * * * [by] finding R.C. § 505.91 constitutional; and

"III. * * * [by] denying appellant a trial on the merits."

The errors assigned are not discussed in the order claimed.

### Assignment of Error II

Neither appellant nor appellee served the Attorney General of the state of Ohio with notice that a statute's constitutionality was in issue as required by R.C. 2721.12. The Attorney General, therefore, never appeared in the proceeding, nor was he given an opportunity to be heard.

Since the Attorney General was not served, nor made a party, the trial court had no authority to render a declaratory judgment as to the constitutionality of the statute. The attorney-general-service requirement is jurisdictional and without such service, the court lacks the requisite jurisdiction to hear any claims challenging a statute's constitutionality. *Malloy* v. *Westlake* (1977), 52 Ohio St. 2d 103 [6 O.O.3d 329]. Therefore, the trial court's judgment as to a determination of the constitutionality of R.C. 505.91 is void, and this assignment of error is well-taken for lack of jurisdiction.

### Assignment of Error III

The third error claimed is that the trial court denied appellant the right to have an evidentiary hearing as to the permanent injunction. The record indicates evidence was taken on June 3, 1982, on the temporary injunction. Under Civ. R. 65(B)(2), the trial court could receive any evidence upon an application for the preliminary injunction, which would be admissible upon the trial on the merits, and such evidence could become a part of the record on trial.

A denial of a right to an evidentiary hearing cannot be interpreted from the state of the record in this case. The only item included in the record on this subject is the trial court's letter indicating its intent to decide the matter on questions of law, to be briefed by the parties, without the taking of additional evidence. There was no request for an additional hearing, nor was any objection raised as to this procedure. *Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41 [70 O.O.2d 133].

Had appellant objected to the procedure, the trial court would have had the opportunity to allow further testimony to be taken. The failure to bring the matter to the attention of the court renders the error on appeal waived.

As to this assignment of error, the court holds that it is without merit since the trial court determined no further evidence was required and no objection or request for hearing was preserved in the record.

### Assignment of Error I

Concerning the first assignment of error, as to the granting of injunctive relief against appellant, the trial court erred in its interpretation of R.C. 505.91.

It is only the first paragraph of R.C. 505.91 which is the subject of this appeal. It reads as follows:

"A board of township trustees, or an agent designated by the board, may enter into a contract with a cable television company with respect to the establishment or operation of a cable television system in the unincorporated area of the township if the area proposed to be served by the cable television company includes

at least five hundred potential subscribers."

The trial court held, among other things, that:

"2. The authority granted pursuant to R.C. 505.91 permits a township board of trustees to require a cablevision business to procure a contract with the township prior to construction within such 'unincorporated area' within the township.

"* * *

"4. '[T]he area proposed to be served' as used in R.C. 505.91 refers to all parts of the township not located within a municipality."

R.C. 505.91 grants authority to the board of township trustees to enter into a contract with a cable television company. Prior to the enactment of R.C. 505.91, the township trustees had no such authority. This grant is discretionary with the township trustees, and the township trustees need not enter into an agreement if they so choose. *Warner Amex Cable Communications, Inc.* v. *Haullauer,* (June 3, 1981), Summit App. No. 10018, unreported; and *Warner Amex Cable Communications, Inc.* v. *France,* (June 3, 1981), Summit App. No. 10019, unreported.

First, the phrase "in the unincorporated area of the township" used in R.C. 505.91, is not to be read as a delineation of the service area; rather, it is easily understood as a limitation on the grant of authority to the township trustees to contract. It limits the ability of the township trustees to contract for service to the area of unincorporation only. This limitation, therefore, precludes the township trustees from contracting for the incorporated areas of the township.

Secondly, until the enactment of R.C. 505.91, township trustees did not have the authority to enter into contracts with cable television companies. However, the statute provides that before the trustees can exercise their discretionary power to contract, two conditions must exist. First, the cable television company must designate the area proposed to be served, and, second, such area must include at least five hundred potential subscribers. Once these two conditions are met, the board of township trustees may exercise its right to demand a contract.

Third, as used in R.C. 505.91, the language "the area proposed to be served by the cable television company" must be given its common and ordinary meaning. *Stores Realty Co.* v. *Cleveland, supra.* By the use of such language the legislature has given the cable television company the right to determine the area it proposes to serve. R.C. 505.91 does not make this a function of the township trustees; rather, it specifically makes it a function of the cable television company.

The phrase "potential subscribers" is not statutorily defined. Such language requires judicial interpretation in order to apply the provisions of the statute. The trial court did not define the meaning of this phrase and this, then, remains to be done. The matter is remanded to the trial court for its further consideration.

One question of fact remains for the trial court. What is the number of potential subscribers in appellant's proposed service area? If the number exceeds five hundred, the trustees may either demand a contract or refuse to contract. If the number is less than five hundred, appellant need not contract with the trustees, as R.C. 505.91 would be inapplicable.

The judgment of the trial court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and*
*case remanded.*

MAHONEY, P.J., and BAIRD, J., concur.