GATX CORPORATION, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

(No. 3291—Decided November 16, 1984.)

*Vorys, Sater, Seymour & Pease, Robert E. Leach, Kenneth D. Beck* and *Raymond D. Anderson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

DAHLING, J. This is an appeal from a decision and order of the Board of Tax Appeals which affirmed the Tax Commissioner's certificate of final determination. We reverse and vacate the Board of Tax Appeals' order, and remand in accordance with this opinion.

The Board of Tax Appeals' decision and order in the instant cause contains the following findings of fact which are not disputed by GATX Corporation, appellant:

"GATX Corporation (fka General

American Transportation Corporation), appellant, is a foreign corporation doing business (manufacture of railroad cars) in Masury, Ohio. Its business activities include the leasing and manufacturing of railroad cars (hereinafter, cars), the storage of liquid commodities and shipping on the Great Lakes and various oceans.

"The leasing of cars is appellant's primary business. The manufacturing of cars is considered as an activity which would not be conducted were the appellant not in the business of leasing cars.

"The major portion of appellant's overall payroll is generated at its Ohio manufacturing facility and is not related to its leasing operations, which produce the bulk of appellant's income. The Ohio facility is operated to manufacture cars for use in appellant's leasing division. Eighty percent of the manufactured cars are leased rather than sold, and of the cars which appellant leases, 90% are manufactured by appellant. The only income which appellant records in its books for the manufacturing division is that on the 20% of the cars which are sold. No income is recorded on the other 80% which are transferred to appellant's leasing division.

"Appellant timely filed its corporation franchise tax reports (hereinafter, report) for report years 1972 and 1974 through 1977. Accompanying the 1972 report, was a letter dated September 14, 1972, from appellant to appellee wherein appellant requested permission to eliminate the wage factor, and the use of only two factors, the property and sales factors, for the apportioning of income of appellant to Ohio in the computation of appellant's franchise tax based upon net income. Appellant noted that this request was being made for all subsequent report years. The reason given for the request was that the inclusion of the wage factor results in a distortion of the apportionment of ap-

pellant's taxable income to Ohio since the sales factor for 1972 was 1.10%, the property factor was 3.01% and the wage factor was 27.84%. (The same was basically true for the subsequent report years.)

"The high wage factor is because of the large manufacturing operation in Ohio producing cars primarily for appellant's fleet which are leased. Cars which were sold represented less than 2% of appellant's total income.

"Appellant further stated that the three factor apportionment formula does not fairly represent the extent of its business activity in Ohio; same being over exaggerated.

"The Tax Commissioner denied appellant's request to eliminate the wage factor and apportion its net income to Ohio using only the property and sales factors. Accordingly, assessments were issued based upon the three factor formula. Appellant made application for review and correction as to each report year. At the hearing on same, appellant attempted to introduce evidence which would support two alternative methods of apportionment, as well as argue that a two factor formula should be permitted. The Tax Commissioner again rejected the former argument and refused to consider evidence as to any alternative apportionment formula for reason that appellant failed to request permission in writing at the times the reports were filed as required by R.C. § 5733.05(B)(2)(d). Appellant now appeals to this Board. We have assigned case numbers to the report years as follows: 1) Case No. 80-C-170 includes report year 1972; 2) Case No. 80-C-171 includes report years 1974 and 1975; and 3) Case No. 80-C-172 includes report years 1976 and 1977."

Assignment of Error No. I

"I. The Board of Tax Appeals erred to the prejudice of appellant in failing to find that the three-factor appor-

tionment formula prescribed by R.C. 5733.05(B)(2) does not fairly represent the extent of appellant's business activity in Ohio and that pursuant to R.C. 5733.05(B)(2)(d)(ii), appellant may lawfully and reasonably exclude the payroll factor prescribed by R.C. 5733.05(B)(2)(b) and apportion its net income solely on the basis of the property factor prescribed by R.C. 5733.05(B)(2)(a) and the sales factor prescribed by R.C. 5733.05(B)(2)(c)."

Ohio's corporate franchise tax was summarized in *Gulf Oil Corp.* v. *Lindley* (1980), 61 Ohio St. 2d 23, 25 [15 O.O.3d 42], as follows:

"The Ohio franchise tax is imposed against foreign corporations for the privilege of doing business in this state, owning or using property in this state, or holding · a certificate of compliance authorizing them to do business in this state. R.C. 5733.01(A). Each such corporation is required to file an annual corporation report which determines the value of the issued and outstanding shares of stock of the corporation. R.C. 5733.02 and 5733.05. The base or measure of the franchise tax is the value of the issued and outstanding shares of the corporation. R.C. 5733.05. The value of these shares is computed on a net worth basis and a net income basis, and a separate tax is computed on each basis. R.C. 5733.05(A) and (B). The taxpayer corporation must pay the greater of the tax upon the net worth and the tax upon net income. R.C. 5733.06."

In the instant case, GATX pays tax based on net income as that is greater than net worth. The net income is apportioned in and out of Ohio by means of a formula which contains the following three factors:

(1) a property factor,
(2) a payroll factor, and
(3) a sales factor.

GATX claims the payroll factor should be eliminated and suggests other factors could be substituted.

GATX relies on R.C. 5733.05(B)(2)(d)(ii) and (iii) which provide as follows:

"(d) If the allocation and apportionment provisions of division (B) of this section do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may request, which request must be in writing and must accompany the report, or the tax commissioner may require, in respect to all or any part of the taxpayer's allocated or apportioned base, if reasonable, any one or more of the following:

"(i) Separate accounting;

"(ii) The exclusion of any one or more of the factors;

"(iii) The inclusion of one or more additional factors which will fairly represent the taxpayer's allocated or apportioned base in this state.

"An alternative method will be effective only with approval by the tax commissioner."

The three-factor apportionment formula in regard to GATX for tax years 1972 through 1977 is as follows:

1. Property factor .031425
2. Payroll factor .409706
3. Sales factor .014813

The average of all three factors is .151981. The average for the two factors (property and sales) is .023119.

R.C. 5733.05 as previously cited states, in part, that if the apportionment provisions do not fairly represent the extent of the taxpayer's business then one or more of the factors may be excluded, and one or more additional factors may be included.

It is our view that the payroll factor which is thirteen times the property factor and twenty-seven times the sales factor puts the entire apportionment formula out of focus. Accordingly, the payroll factor should have been eliminated by the Tax Commissioner. This view coincides with several Ohio decisions, specifically *S.M. Flickinger Co., Inc.* v. *Lindley* (Sept. 30, 1980), Franklin App.

No. 80AP-207, unreported. That court stated at 5:

"The intent of R.C. [Chapter] 5733 is necessarily to tax only that portion of income which fairly represents the extent of a taxpayer's business activity in Ohio. Therefore, R.C. 5733.05(B)(2)(d) allows accounting methods, other than the standard three-factor formula, to be used when the latter does not achieve an equitable result. Such methods may be used only with the approval of the tax commissioner, and in the absence of abuse of discretion, a reviewing court will not reverse the denial of the use of such alternative formulas. Furthermore, it must be shown that the three-factor formula does not fairly represent the taxpayer's business activity in this state."

The first assignment of error is sustained.

### Assignment of Error No. II

"II. The Board of Tax Appeals erred to the prejudice of appellant in determining that the Tax Commissioner was without jurisdiction to consider evidence regarding the effect on GATX's net income apportionable to Ohio under a separate accounting method or under a formula which includes a rail car mileage factor."

The Board of Tax Appeals determined that the Tax Commissioner was without jurisdiction to consider evidence regarding the proper formula to compute the proper tax to be paid by the appellant, stating:

"From the plain language of R.C. §5733.05(B)(2)(d), it is clear that if a taxpayer wants to diviate [sic] from the prescribed statutory apportionment and allocation provisions, it must request to do so in writing, and such request must accompany the report and be approved by the Tax Commissioner. By use of the word 'must' it is clear that compliance with these provisions is mandatory. *Mal-*

*loy* v. *Westlake,* 52 Ohio St. 2d 103 [6 O.O.3d 329] (1977)."

The record reflects that a timely request was made by the appellant and pursuant to R.C. 5733.07 and 5733.05, the Tax Commissioner was vested with jurisdiction to consider the evidence of the appellant. On these facts, the Board of Tax Appeals erred.

From what has previously been stated, it is obvious that R.C. 5733.05 provides an additional factor or factors which can be included. See R.C. 5733.05 (B)(2)(d)(iii): "The inclusion of one or more additional factors which will fairly represent the taxpayer's allocated or apportioned base in this state."

The second assignment of error is sustained.

### Assignment of Error No. III

"III. The Board of Tax Appeals erred to the prejudice of appellant by interpreting and applying R.C. 5733.05 (B)(2) in a way which violates both the Due Process and Commerce Clauses of the United States Constitution."

GATX's argument is that since it disagrees with the Board of Tax Appeals that the Due Process and Commerce Clauses of the United States Constitution were violated.

We disagree. GATX had due process by virtue of its appeal to this court. It will have a further appeal to the Ohio Supreme Court. We conclude its constitutional rights have not been trod upon.

This assignment of error is overruled.

Accordingly, the decision of the Board of Tax Appeals is reversed, its order is vacated, and the cause is remanded in accordance with this opinion.

*Decision reversed and*
*cause remanded.*

COOK, P.J., and FORD, J., concur.