OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Ohioans for Fair Representation, Inc., Appellant, et al., v.
Taft, Secy. of State, et al., Appellees.
[Cite as Ohioans for Fair Representation, Inc. v. Taft (1993),
-- Ohio St.3d ---.]
Declaratory judgments -- R.C. 2721.12 requires service of a
     copy of the proceeding on the Attorney General when a
     party challenges the constitutionality of a statute in a
     declaratory judgment action -- Attorney General not
     required to be named as a party in such an action -- For
     purposes of R.C. 2721.12, the Attorney General will be
     deemed to have been "served with a copy of the
     proceeding," when.
1.  R.C. 2721.12 requires service of a copy of the proceeding
on the Attorney General when a party challenges the
constitutionality of a statute in a declaratory judgment
action.  R.C. 2721.12 does not require, however, that the
Attorney General be named as a party in such an action.
(Westlake v. Mascot Petroleum Co. [1991], 61 Ohio St. 3d 161,
573 N.E.2d 1068, paragraph one of the syllabus, modified.)
2.  For purposes of R.C. 2721.12, the Attorney General will be
deemed to have been "served with a copy of the proceeding" once
he undertakes representation of a party to the action.
     (No. 92-1080 -- Submitted April 27, 1993 -- Decided
August 25, 1993.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-834.
     Appellant Ohioans for Fair Representation, Inc. ("OFRI")
was formed as a non-profit organization in December 1990 to
advocate certain views regarding the decennial reapportionment
and redistricting of the General Assembly and the United States
House of Representatives.  OFRI intended to rely on financial
contributions from both corporations and individuals for its
funding.
     OFRI began soliciting support in April 1991.  On April 22,
1991, Eugene Branstool filed both a complaint and a request for
investigation with the Ohio Elections Committee ("OEC"),
alleging violations of Ohio's campaign finance reporting laws
and alleging that OFRI is a political action committee ("PAC")

and was soliciting corporate funds in contravention of R.C. Title 35.

That April shower of complaints brought a May flurry of litigation. On May 14, 1991, OFRI filed an action in the Franklin County Court of Common Pleas seeking, among other relief, a declaratory judgment that the statutes in question do not apply to OFRI's lobbying and petitioning activities. OFRI also sought, in the alternative, a declaratory judgment that if any of the statutes prohibit OFRI's activities they are unconstitutional.

On July 11, 1991, after an abbreviated briefing schedule and a torrent of motions and discovery requests, the trial court ruled on motions for summary judgment. In its motion for summary judgment, OFRI reframed its request for declaratory judgment, asking the court to declare that:

"(1) Advocating any view concerning the reapportionment and redistricting of Ohio's state and congressional legislative districts is a subject matter outside the domain of the R.C. 3599.03 prohibition against corporate contributions. Such advocacy is not partisan political activity under Ohio's election laws since it does not exhort the election of any identified candidate over his/her opponent (i.e., it is not express advocacy); and

"(2) Advocating any view concerning the reapportionment and redistricting of Ohio's state and congressional legislative districts could not constitute direct or indirect influence of an election or support of a political party under Ohio's political action committee ('PAC') laws since such advocacy does not exhort the election of any identified candidate over his/her opponent (i.e., it does not express advocacy).

"(3) If R.C. 3599.03 and the Ohio PAC laws apply to corporations or other groups ('PACs') advocating a view on reapportionment and redistricting, the statutes are unconstitutionally vague and overbroad since they do not put people of ordinary intelligence on notice that advocating a view on reapportionment or redistricting is a crime;

"(4) If R.C. 3599.03 and Ohio's PAC laws apply to corporations or other groups (PACs) advocating a view on reapportionment and redistricting, the statutes impermissibly burden First Amendment rights of speech and association and the right to petition the government."

Judge Deshler, addressing only the first two requested declarations, granted summary judgment to OFRI. The court ruled that since OFRI's purpose and activities did not involve the election of a candidate or a ballot issue, the election statutes in R.C. Title 35 have no application to OFRI. Judge Deshler wrote that OFRI's partisan alliance did not change the fact that its "undisputed purpose is lobbying the instrumentalities of the state regarding reapportionment and redistricting." Since the court found R.C. Title 35 to be inapplicable to OFRI, it declined to rule upon the constitutional challenges made to the statutes by OFRI.

The Attorney General, on behalf of the Secretary of State and the OEC, appealed that decision to the Tenth District Court of Appeals. One basis of the appeal was that OFRI had failed to comply with the requirements of R.C. 2721.12. That statute reads:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard.* * *" (Emphasis added.)

OFRI never directly served the Attorney General with a copy of the complaint. However, the Attorney General did undertake representation of the Secretary of State and the OEC promptly upon the filing of OFRI's complaint, and never raised the R.C. 2721.12 jurisdictional issue in his motion to dismiss or motion for summary judgment. Nevertheless, the court of appeals reversed the judgment of the trial court, holding that since OFRI failed to comply with R.C. 2721.12, the trial court did not have jurisdiction to issue its declaratory judgment.

This cause is now before this court pursuant to the allowance of a motion to certify the record.

Thompson, Hine & Flory, Leslie W. Jacobs and William C. Wilkinson,for appellant.

Lee I. Fisher, Attorney General, Cherry Lynne Poteet and Theresa R. Schaefer, Assistant Attorneys General, for appellees Secretary of State and Ohio Elections Commission.

Pfeifer, J.   R.C. 2721.12 requires service of a copy of the proceeding on the Attorney General when a party challenges the constitutionality of a statute in a declaratory judgment action. R.C. 2721.12 does not require, however, that the Attorney General be named as a party in such an action. Malloy v. Westlake (1977), 52 Ohio St. 2d 103, 6 O.O.3d 329, 370 N.E.2d 457. A misstatement of the law in paragraph one of the syllabus in Westlake v. Mascot Petroleum Co. (1991), 61 Ohio St. 3d 161, 573 N.E.2d 1068, has led to some confusion in this area. That paragraph reads:

"While R.C. 2721.12, which requires that the Attorney General be made a party to a declaratory judgment action challenging the constitutionality of a municipal ordinance, is applicable to proceedings initiated by way of counterclaim, it is not implicated where the sole allegation is that the ordinance is preempted by state law." (Emphasis added.)

A reading of the statute consistent with the body of the opinion in Westlake and with Malloy reveals that R.C. 2721.12 requires only service of a copy of the proceeding on the Attorney General, not that he be named as a party.

Thus, in the present case OFRI was not required to name the Attorney General as a necessary party. Because OFRI raised constitutional claims in its complaint, it did need to serve a copy of the complaint on the Attorney General in order to be heard on those specific issues. The failure to serve the complaint directly on the Attorney General did not, however, doom the entire complaint.

This court has previously held that where mere statutory interpretation is at issue, the Attorney General need not be

served. Mascot Petroleum, supra, at 164, 573 N.E.2d at 1071. Thus, the trial court did have jurisdiction on OFRI's question of statutory interpretation.  It is axiomatic that a jurisdictional failure regarding one cause of action in a complaint does not taint the entire complaint.  For example, a complaint listing multiple causes of action does not fail completely when the statute of limitations has run on one of those causes of action.  The other causes of action survive and jurisdiction remains proper as to them.

In its motion for summary judgment, OFRI sought alternative declaratory judgments.  It first asked the court to declare that advocating a view regarding reapportionment is a subject matter outside R.C. 3599.03 and laws governing political action committees.  Since the constitutionality of the statute was not raised in these claims, no service was required on the Attorney General.

Alternatively, OFRI sought declarations that if those laws do apply they are unconstitutionally overbroad and vague and that they violate the First Amendment rights of those advocating a view on reapportionment.  Service of a copy of the proceeding on the Attorney General would be required before a court would have jurisdiction to make such declarations.

The plain fact is that the trial court did not even seek, and should not have sought, to declare anything regarding the constitutionality of the statutes.  "Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary." Hall China Co. v. Pub. Util. Comm. (1977), 50 Ohio St. 2d 206, 210, 4 O.O.3d 390,393, 364 N.E.2d 852,854.  Instead, the trial court correctly limited its declaration to the applicability of the statutes to OFRI. No service of the complaint on the Attorney General was required to confer jurisdiction upon the trial court to make such a declaration.  The trial court thus had jurisdiction on that limited issue and we therefore reverse the judgment of the court of appeals, and reinstate the judgment of the trial court.

Additionally, the very apparent intent of R.C. 2721.12 is to ensure that the Attorney General is informed of attacks on the constitutionality of the laws of this state.  In this case, the Attorney General entered the fray immediately upon service on the parties.  He has been intimately involved in all aspects of the case, including arguments before the trial court, the court of appeals, and this court.  The statute's objective was clearly met, as the Attorney General learned early on that the constitutionality of Ohio statutes was being questioned. Therefore, we also hold that for purposes of R.C. 2721.12, the Attorney General will be deemed to have been "served with a copy of the proceeding" once he undertakes representation of a party to the action.

Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

                                        Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas and Wright , JJ., concur.

Resnick and F.E. Sweeney, JJ., dissent.

Francis E. Sweeney, Sr., J., dissenting.   I must respectfully dissent from the opinion of the majority because I

believe that the failure to serve the Attorney General was a jurisdictional defect which cannot be excused on the basis that the Attorney General represented a party to the proceedings. R.C. 2721.12 is clear that, whenever a statute is alleged to be unconstitutional in a declaratory judgment action, the Attorney General shall be served with a copy of the proceeding. Service upon the Attorney General of Ohio is a mandatory jurisdictional prerequisite where the constitutionality of a statute is being contested. Malloy v. Westlake (1977), 52 Ohio St.2d 103, 107, 6 O.O.3d 329, 331, 370 N.E.2d 457, 459.

Thus, since the constitutionality of the statutes was contested in appellant's complaint, the failure to serve the Attorney General with a copy of the complaint deprives the court of jurisdiction to render an enforceable declaratory judgment. Accordingly, I would affirm the judgment of the court of appeals.

Resnick, J., concurs in the foregoing dissenting opinion.