JOURNAL ENTRY AND OPINION
R.C. 4123.931 automatically subrogates employers of workers who have been injured while on the job by a third party tortfeasor to the extent the worker collects workers' compensation benefits for that same injury. Bobby Sanders, an employee of the Greater Cleveland Regional Transit System ("RTA"), suffered injuries caused by a third-party tortfeasor in the performance of his job duties. He collected workers' compensation benefits in the amount of $783 and brought a personal injury action against the tortfeasor. RTA, a self-insured employer, asserted its right to subrogation to the extent of plaintiff's injuries. Plaintiff settled with the tortfeasor and informed RTA of the settlement. The monies from the settlement were placed in an Interest on Lawyers Trust Account ("IOLTA") pending resolution of RTA's claim for subrogation. RTA could not ascertain the full amount of its subrogation right (because Sanders could conceivably receive some future benefits), so it offered to accept the amount it actually expended to compensate Sanders on the condition that he agree to waive his right to make any future claims relating to the incident.
Sanders filed this declaratory judgment action asking the court to find R.C. 4123.931 unconstitional because the statute denies persons participating in the workers' compensation fund equal protection of the law and the right to a jury trial. In a second count of the complaint, Sanders asked the court to award him "economic and noneconomic damages" as a direct result of the statute being unconstitutional. The court found that R.C. 4123.931
violated the Equal Protection Clauses of both the Ohio and United States Constitutions. The Attorney General of the state of Ohio brings this appeal as intervenor, having opted out of the trial portion of the proceedings. Her assigned errors contest the court's declarations.
We lack a final, appealable order and must dismiss the appeal. Civ.R. 54(B) states that when judgment has been entered on fewer than all claims or against all parties, and the court does not specify that there is no just reason for delay, such a judgment shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. R.C. 2505.02, the final, appealable order statute, is to be read in conjunction with Civ.R. 54(B). A court order is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02.Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596. citing ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88.
In his complaint for a declaratory judgment, Sanders set forth two claims for relief. The first claim for relief asked the court to construe the constitutionality of R.C. 4123.931; the second claim for relief, asked the court to award Sanders damages resulting from the application of the subrogation statute. The court's judgment entry disposes of the first claim for relief, a declaration of the constitutionality of R.C. 4123.931 by stating, "* * * R.C. 4123.931 violates the Equal Protection Clauses of the United States and the Ohio Constitutions. The court therefore rules said statute unconstitutional." There is no disposition of the second claim for relief — a request for damages resulting from RTA's insistence upon subrogation. While we have our doubts about the merits of Sanders' second count — how could RTA be liable for money damages as a result of asserting its statutory right to subrogation? — we nonetheless have no jurisdiction to proceed absent some ruling on the second claim for relief.
Arguably, the court's order does not even fulfill the requirements of R.C 2505.02(B)(1), which defines a final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." The court's judgment entry does not constitute a "judgment," for it does not dispose of anything — it merely ends with a declaration of the statute's constitutional infirmities, but makes no disposition or further order concerning the money held in the IOLTA.[1] Consequently, the court's order does not "determine the action."
Dismissed.
It is ordered that appellee recover of appellants his costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., PATRICIA A. BLACKMON, J., CONCUR.
 _________________________________ PRESIDING JUDGE, JOHN T. PATTON
[1] We also admit to some trepidation concerning the Attorney General's decision to intervene for purposes of appeal. The failure to serve the Attorney General with a copy of a proceeding in a declaratory judgment action challenging the constitutionality of a statute precludes the court from rendering declaratory relief in that action. See Malloy v. City of Westlake (1977), 52 Ohio St.2d 103, syllabus. Although the parties appear to agree that Sanders served a copy of the complaint to the Attorney General, the record gives no indication that service had been perfected. In fact, the complaint does not contain a certificate of service. The first mention on the record that the Attorney General received service is contained in her motion to intervene on appeal, and even that motion does not contain proof of service. In this regard, we direct the parties' attention to Osborne v. City of Mentor (Mar. 31, 1999), Lake App. No. 97-L-301, unreported.