OPINION
Defendant-appellant, Steven Lawson, appeals the decision of the Clermont County Court of Common Pleas overruling his motion to find R.C.2950.09 unconstitutional. We conclude that appellant's constitutional challenge was not properly raised and affirm the decision of the trial court.
Appellant pled guilty to one count of rape of a person under the age of thirteen for sexual conduct with his nine-year-old stepgranddaughter. Since appellant pled guilty to a sexually oriented offense, the trial court conducted a hearing in accordance with R.C. 2950.09(C) to determine whether he is a sexual predator. Prior to the hearing, appellant moved the trial court to declare R.C. Chapter 2950 unconstitutional on its face because R.C. 2950.9(B)(2) impermissibly encroaches upon the judiciary by requiring the trial court to consider only specific, limited factors to determine whether an offender is a sexual predator. The trial court overruled appellant's motion and found him to be a sexual predator. From the decision of the trial court, appellant appeals and raises one assignment of error.
In his assignment of error, appellant argues that the trial court erred by failing to declare that R.C. 2950.09, on its face, violates the separation of powers doctrine implicit in the Ohio Constitution.
Appellant's motion before the trial court was a request for declaratory relief because he asked the trial court to declare R.C. Chapter 2950 unconstitutional on its face. Proceedings under R.C. Chapter 2950 are civil and remedial, not criminal. State v. Cook (1998), 83 Ohio St.3d 404,415-23. As such, the appropriate method to raise a facial challenge to the statute's constitutionality would be a declaratory judgment action pursuant to R.C. Chapter 2721. Burger Brewing Co. v. Liquor ControlComm. (1973), 34 Ohio St.2d 93, 96; State v. Kelsor (Oct. 30, 1998), Hamilton App. No. C-970499, unreported; State v. Boeddeker (Feb. 13, 1998), Hamilton App. No. C-970471, unreported.
A party who is challenging the constitutionality of a statute and is seeking declaratory relief pursuant to R.C. Chapter 2721 must assert the claim in a complaint or other initial pleading. Cicco v. Stockmaster
(2000), 89 Ohio St.3d 95, 97, 98; R.C. 2721.12. The challenging party must serve the pleading upon the Attorney General according to Civ.R. 4.1 in order to vest the trial court with jurisdiction to consider a constitutional challenge to a statute and render declaratory relief. Id.;Malloy v. Westlake (1977), 52 Ohio St.2d 103, 105. It is not necessary to make the Attorney General a party to the action, but the requirement of service at the inception of the action provides the Attorney General with a reasonable amount of time in which to evaluate the constitutional challenges and determine whether to participate in the case. See Cicco,89 Ohio St.3d at 99.
Appellant did not file a separate action for declaratory relief, but instead elected to file a motion asking the trial court to declare R.C. Chapter 2950 unconstitutional on its face. As a result, appellant's constitutional challenge was not properly before the trial court, or this court on appeal. Therefore, the trial court correctly overruled appellant's motion.
Judgment affirmed.