DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Diana Williams, appeals the trial court's denial of her motion to vacate default judgment and the garnishment order issued against her and in favor of Appellee Ohio Edison Company by the Summit County Court of Common Pleas.
 {¶ 2} On October 6, 1998, Appellee, Ohio Edison Co. ("Ohio Edison") filed a complaint against Appellant for amounts due on an account for residential electrical service. The complaint and summons were properly served on July 2, 1999. When Appellant failed to answer the complaint or otherwise make an appearance, Appellee filed a motion for default judgment on August 3, 1999. The *Page 2 
motion was granted on August 20, 1999, in the amount of $5,968.21 plus interest from the date of judgment ("Judgment"). On July 16, 2002, nearly three years after the Judgment, Appellant filed a motion to vacate the judgment. The docket does not reflect that the trial court ever ruled upon this motion. Appellant never appealed the Judgment or the fact that the trial court did not grant her motion to vacate.
 {¶ 3} On November 22, 2006, Ohio Edison filed a motion for garnishment order, notices and affidavit in support of garnishment, seeking to garnish Appellant's wages to satisfy the Judgment. The trial court issued the order of garnishment on November 22, 2006 ("Garnishment Order"), and the same was served upon the garnishee on November 30, 2006.
 {¶ 4} Appellant appeals the trial court's denial of her motion to vacate the Judgment and the Garnishment Order and raises eight assignments of error.
 Assignment of Error No. 1 "Trial court abuses its discretion and commits reversible error when court [o]verrules [p]arty's motion to vacate dismal [sic], where party has clearly demonstrated, through unchallenged testimony[,] he had not received [s]ervice of other party's motion to dismiss despite compliance of other [w]ith [c]ivil [r]ules on service[.] Rogers v. United Presidential Life Ins. Co[.] 9 Ohio App. 1987)36 Ohio App.#3d 126[,] 521 N.E. 2d 845." [sic]
 Assignment of Error No. 2 "A trial court is without jurisdiction to render judgment or to make findings [a]gainst a person whom [sic] was not served a summons, did not appear and was not a party in the court proceedings; a person against whom such judgements [a]nd findings are made is entitled to *Page 3 
have the judgement vacated. State ex rel Ballard v. O'Donnell (Ohio 1990)[,] 50 Ohio St.3d 182[,] 553 N.E.2d 650."
 Assignment of Error No. 3 "Defendant who makes uncontradictory sworn statements that she never [r]eceived service is entitled to have default judgement against her vacated [e]ven if opponent complied with the rule and had service made at where [r]easonably could have been anticipated that defendant would receive it. Nationwide Ins. Co v. Mahn Ohio App. 1987) 36 Ohio 3d.251,522 N.E.2D.1096[.] [C]opy of affidavit attached."
 Assignment of Error No. 4 "Litigants seeking to vacate void judgements need not confirm [sic] to rigorous [r]equirements of rules of Civil Pro. Rule 60 B governing relief from judgement[.] Vroman [v.] Halishak[,] 9 Ohio App.3d 14[,] 488 N.E.2Dd [sic] 23, 22 o.b.r.49. [sic]"
 {¶ 5} Appellant's first four assignments of error challenge the trial court's denial of her motion to vacate the Judgment. However, there is nothing in the court's docket to demonstrate that the motion to vacate was denied. If an order has not been journalized, it cannot be a final order. See Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 219. Accordingly, we are without jurisdiction over the Appellant's first four assignments of error.
 Assignment of Error No. 5 "An affidavit of service in the original trial court of 7 years ago was needed [p]ursuant to section 2716.04 of the Ohio Revised Code [p]roof of service on demand. The affidavit [is] required by section 2716.03 of the Revised Code. The clerk shall serve a copy of the affidavit on the garnishee. This was not done so service was not complete. This garnishment order was illegal and never should have been sent to my employer. The injunction should have been imposed on plaintiff, for lack of service on demand." *Page 4 
 Assignment of Error No. 6 "Pursuant to section 2716.05 of the Ohio Revised Code plaintiff and Judge violate[d] this section of the Revised Code. It states that a court of common pleas is to issue the order of garnishment by certified mail return receipt requested. None was sent. The common pleas [J]udge Judy Hunter who issued the order used none."
 Assignment of Error No. 7 "Pursuant to section 2727.05 injunction may be granted in cases of appeal. This section was overlooked in error. It should have been considered for the granting of my injunction."
 Assignment of Error No. 8 "The original trial court judge of 7 years ago was the appellate court judge that ruled on my previous motion for an injunction. Appellate court Judge Beth Whitmore. [sic] She should have reqused [sic] herself from hearing my motion in compliance with the Code of Judicial Conduct Cannon 3 section 5. For the possibility of bias or conflict of interest. [sic] She considered my motion for injunction as reconsideration of my earlier motion for stay. I was filing for an injunction and accompanied my motion with a supporting affidavit."
 {¶ 6} In her fifth and sixth assignments of error, Appellant asserts the trial court erred in failing to serve her with the garnishment order. Appellee asserts that all of the requirements of R.C. 2716.01, et seq. were followed. In her seventh assignment of error, Appellant asserts that this Court erred in failing to grant her motion for injunction to stop the garnishment of her wages pending appeal. Finally, in her last assignment of error, Appellant asserts that this Court erred when Judge Whitmore signed the Judgment Entry denying one of Appellant's motions for injunctive relief. Appellant argues that Judge Whitmore should have recused herself from making any decisions in Appellant's appeal because Judge *Page 5 
Whitmore was the original trial judge. We note that Judge Whitmore had left the trial court and come to this Court prior to Appellee's complaint being served upon Appellant and thus Judge Whitmore made no decisions in this case at the trial level. Regardless, Appellant's assignments of error five through eight must fail.
 {¶ 7} Appellant's appellate brief does not comply with the required
appellate rules. App.R. 16 provides in pertinent part:
 "(A) Brief of the appellant. The appellant shall include in its brief * * * all of the following:
 "(2) A table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where cited.
 "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition of the court below.
 "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
See, also, Loc.R. 7(B)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(B)(7) provides that "[e]ach assignment of error shall be *Page 6 
separately discussed and shall include the standard of review applicable to that assignment of error."
 {¶ 8} In this case, Appellant's brief contains a table of cases, but she has not referred this Court to the pages of the brief where the cases are cited. Although Appellant's brief contains a statement of assignments of error and issues presented for review, she has not referred this Court to the place in the record where each error is reflected. Although Appellant's brief contains a statement of issues presented for review, she has not referred this Court to the assignments of error to which each issue relates. Appellant's statement of the case is one sentence and does not describe the nature of the case, the course of the proceedings, or the disposition of the court below. Appellant's statement of facts is one sentence and does not refer to the record as required by App.R. 16(D). Finally, Appellant has not cited any legal authority for the alleged errors set forth in her fifth through eighth assignments of error or any standards of review.
 {¶ 9} "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See, also, App.R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal."Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. *Page 7 
 {¶ 10} Pursuant to App.R. 12(A) and 16(A)(7), an appellate court "may disregard an assignment of error `if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" Courie v. ALCOA, 162 Ohio App.3d 133,2005-Ohio-3483, at ¶ 17, quoting App.R. 12(A)(2). See, also, Smith v.City of Akron Appeals Bd. of Dept. of Public Health, 9th Dist. No. 21103, 2003-Ohio-93, at ¶ 26-27. An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v. Western Reserve Mut. Ins. Co.
(Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. 16(A)(7) and Loc.R. 7(B)(7). As Appellant's argument fails to comply with the foregoing appellate and local rule requirements, she has failed to meet her burden on appeal. Appellant has failed to separately argue with legal support her fifth through eighth assignments of error and has failed to identify in the record the error on which the assignment of error is based for her fifth through eighth assignments of error.
 {¶ 11} Accordingly, we are unable to conclude that the trial court erred and *Page 8 
find Appellant's assignments of error are without merit. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, J. DICKINSON, J. CONCUR *Page 1