Turner, J.
 

 We shall nqt recite the history of the applicable statutes except to point out that such statutes are in derogation of the common law and, as they limit the innkeeper’s liability, should be strictly construed against the innkeeper.
 

 
 *14
 
 Three sections of the statutes which have been in force for many years' are involved, to wit, Sections 5981, 5982 and 5983, General Code, which are as follows :
 

 Section 5981, General Code, provides:
 

 “An innkeeper, whether a person, partnership or corporation, having in his inn a metal safe or vault in good order suitable for the custody of money, banknotes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers, and bullion,'and keeping on the doors of the sleeping rooms used by his guests suitable locks or bolts, and on the transoms and windows of such rooms suitable fastenings, and keeping a copy of this section printed in distinct type conspicuously suspended in the office, ladies’ parlor or sitting room, bar room, washroom and five other conspicuous places in such inn, or not less than ten conspicuous places in all therein, shall not be liable for loss or injury suffered by a guest, unless such guest has offered to deliver such property to such innkeeper for custody in such metal safe or vault, and the innkeeper has omitted or refused to take and deposit it in the safe or vault for custody and give the guest a receipt therefor.”
 

 Section 5982, General Code, provides:
 

 “An innkeeper shall not be obliged to receive from a guest for deposit in such safe or vault, property described in the next preceding section exceeding a total value of five hundred dollars, and shall not be liable for such property exceeding such value whether received or not. Such innkeeper, by special arrangement with a guest may receive for deposit in such safe or vault property upon such written terms as may be agreed upon. An innkeeper shall be liable for a loss of any of such property of a guest in his inn caused by the theft or negligence of the innkeeper or his servant.”
 

 
 *15
 
 Section 5983, General Code, provides:
 

 ‘ ‘ The liability of an innkeeper whether person, partnership or corporation, for loss of or injury to personal property placed in his care by his guests other than that described in the next two preceding sections, shall be that of a depositary for hire. Such liability shall not exceed one hundred and fifty dollars for each trunk and its contents, fifty dollars for each valise and its contents, and ten dollars for each box, bundle or package, and contents, so placed in his care, unless he has consented in writing with such guest to assume a greater liability. ’ ’
 

 As stated in appellant’s brief:
 

 “It will be noted that this section [5983] in terms applies to the liability of an innkeeper for loss of or injury to personal property placed in his care by his guest and that the property described in the next two preceding sections, which are Sections 5981 and 5982 of the General Code, above mentioned, is expressly exempted from its operation.”
 

 Appellant agrees that Sections 5981 and 5982, General Code, are not of material concern in the instant case.
 

 As stated in the majority opinion of the Court of Appeals:
 

 • “The taldng in custody by an employee of an innkeeper, pending registration and the assignment to a room, of a guest, of the trunks, valises, boxes, bundles, and/or packages of such guest, as in the instant case, is an incident to the relationship of innkeeper and guest, and the rules of law applicable to that relationship are determinative of the respective rights and liabilities of the parties. ’ ’
 

 As stated in the dissenting opinion of a member of the Court of Appeals:
 

 “The only question in the instant case is whether by the provisions of Section 5983, General Code, the plaintiff is restricted in the amount of her recovery
 
 *16
 
 to the sum of fifty dollars. The facts are not in dispute. ’ ’
 

 In the case of
 
 Palace Hotel Co.
 
 v.
 
 Medart,
 
 87 Ohio St., 130, 100 N. E., 317, Judge O’Hara said at page 133:
 

 “It is claimed on behalf of plaintiff in error that, by the enactment of the above section of the statutes, the common-law liability of an innkeeper was changed from that of practically an
 
 insurer
 
 of the goods of his guest to that of a
 
 depositary for hire;
 
 and also, by necessary intendment, that affirmative proof of negligence on the part of the innkeeper is required under the statute before he can be held liable, because a depositary for hire is bound to exercise ordinary care only, and is responsible only for his neglect so to do.”
 

 It was held in the syllabus of the above case as follows :
 

 “In a suit by a guest against an innkeeper for damages for the loss of ordinary wearing apparel and personal effects left by him in his room, the key thereof having been delivered into the custody of the innkeeper, it is not necessary as a part of his case in chief to show that such loss was occasioned by the fault or negligence of the innkeeper. Proof of such loss by the guest makes out a prima facie case of liability upon the part of the innkeeper, and Section 4427a, Revised Statutes, now Section 5983, General Code, does not change the rule of the common law in this regard.”
 

 As stated in appellant’s brief:
 

 “Of course, this guest did not contemplate checking her baggage, nor did the hotel. The object at the outset was to register and obtain a room, and to get the baggage to that room. No true bailment was immediately intended. The loss occurring at the outset, and the guest having no opportunity to be apprised of or comply with any of the limiting statutes, what her subsequent requirements or intentions might have been are of no concern here.”
 

 
 *17
 
 The appellant asks the following question:
 

 “Does the limitation of value for the loss of a guest’s property in a hotel as set out in O. G. C. 5983 apply to the property of a guest while entering the hotel for the purpose of registering as a guest and whose property has been taken into the custody of a regular employee of such hotel?”
 

 Appellant’s theory of the cause of action is the common-law liability of an innkeeper.
 

 Appellee’s theory is stated in the record as follows:
 

 “The question boils itself down to one strictly of law, the only factual matter that is involved in this case at all, as I view it, is the possible question with respect to some of the items of damage. The plaintiff is claiming the loss of certain items of personal property, wearing apparel, principally, that she had with her when she came down to this convention. * * *
 

 “Plaintiff has done that and I have no proper objection to make to that testimony except to point out to your Honor that with respect to one item, an heirloom, described as an heirloom, valued at something in the neighborhood of $65.00, it seems to me the proof falls a little short in that; in the second instance, with respect to the items of apparel, some were used, and the court might well take that into account in computing damages in the event you should find that the plaintiff is entitled to a judgment.
 

 “However, I should like to say to your Honor that we are not here on the proposition of damages, that is an incident to the point of law involved, we are not here fighting this thing on the question of how much, we are here submitting this to your Honor on the question of whether or not anything beyond the $50 limitation which the statute provides and which we claim is applicable, which the plaintiff, of course, claims is not applicable, applies. * * *
 

 “We make no argument or suggestion to the court, but what we shouldn’t pay this $50, but beyond that
 
 *18
 
 we feel that the statute exculpates us from any further damages.”
 

 In the majority opinion of the Court of Appeals it is held that Section 5983, General Code, limits the liability for the loss of a guest’s luggage (and contents) from the time the guest enters the premises until such guest enters the assigned guest room.
 

 In the dissenting opinion in the Court of Appeals it is said:
 

 “It is my opinion that the Supreme Court in the
 
 Palace Hotel case
 
 has clearly stated that the limitations of Section 5983 do not apply to a loss of baggage occurring under the circumstances shown to have existed in the instant case. The judgment of the Court of Common Pleas and the Municipal Court should be affirmed. ’ ’
 

 In the case of
 
 Rarrick
 
 v.
 
 Browne et al., d. b. a. Curtis Hotel,
 
 151 Ohio St., 276, 85 N. E. (2d), 386, it was held in paragraph two of the syllabus:
 

 “An innkeeper is liable as at common law for the loss on his premises of a guest’s property, except as such liability is modified by Sections 5981, 5982 and 5983, General Code.”
 

 Appellant agrees with the foregoing paragraph of the syllabus of
 
 Rarrick
 
 v.
 
 Browne, supra.
 

 Counsel for appellant indulge in severe criticism of the construction of Section 5983, General Code. It is our province to take the constitutionally enacted statutes of the state as we find them. Any advisable change is to be addressed to and made by the General Assembly of Ohio.
 

 The case of
 
 Hotels Statler Co., Inc.,
 
 v.
 
 Safier,
 
 103 Ohio St., 638, 134 N. E., 460, 22 A. L. R., 1190, cited' by appellant, is not helpful to the decision of the instant case.
 

 The attitude of appellant is clearly erroneous where it criticizes the Court of Appeals for violating ‘ ‘ public policy. ’ ’ Courts have nothing to do with forming pub-
 
 *19
 
 lie policy and declare such public policy only after the policy has been formulated by the General Assembly.
 

 We are of the opinion that the decision in this case is to be governed by the provisions of Section 5983, General Code.
 

 As said in 37 Ohio Jurisprudence, 510, Section 276:
 

 “It is to be assumed, or presumed, that the legislature used the language contained in a statute advisedly and intelligently. Although statutes are seldom written in such precise or. categorical terms as to point out inclusively and exclusively all their intended applications, the presumption is that language has been employed with sufficient precision to disclose the intent. Accordingly, the province of construction is to arrive at the true sense of the language of the act. However, in determining the meaning of the terms of a statute, the aim should be to discover the connotation which the legislature attached to the words, phrases, and clauses employed.”
 

 In the same volume at page 517, Section 279, it is said:
 

 “There is no occasion for resorting to rules of statutory interpretation if the language of the statute is plain and unambiguous and conveys a clear and definite meaning. Therefore, where the statute on its face is free from ambiguity, it is the established policy of the courts to avoid giving it any other construction than that which its words demand.”
 

 With the observation that the word, “valise,” as used in Section 5983, General Code, covers the baggage here in question, such section clearly expresses the legislative intent and should be upheld.
 

 The appellee having admitted liability under Section 5983, General Code, for $50 covering the one “valise,” the judgment of the Court of Appeals should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 
 *20
 
 Hart, Zimmerman and Taet, JJ., concur.
 

 Stewart, J., concurs in the syllabus but dissents from the judgment.
 

 Weygandt, C. J., and Matthias, J., dissent.