JOURNAL ENTRY AND OPINION
Defendant Progressive Insurance Company issued insurance policies in which it agreed to pay for damages caused by uninsured motorists. As applicable to the issues raised in this case, the policies in question broadly defined an uninsured motorist as a "hit-and-run whose operator or owner who cannot be identified." However, under exclusions for uninsured motorists property damages ("UMPD"), the Progressive policies excluded payment of property damages "if the owner or operator of the uninsured motor vehicle has not been identified." Plaintiffs William Brocious and David Voggenthaler, both insured by Progressive, were separately struck by unidentified hit and run operators who concededly fell within the policy definition of an uninsured motorist. Progressive denied their UMPD claims based on the exclusion for unidentified operators of uninsured motor vehicles.
Plaintiffs independently brought these declaratory judgment and bad faith actions against Progressive claiming that Progressive exhibited bad faith by denying their UMPD claims. The courts dismissed Brocious' action for failure to state a claim upon which relief could be granted under Civ.R. 12(B)(6) and granted Progressive's Civ.R. 56 motion for summary judgment in Voggenthaler's action. Both courts found the policies validly and unambiguously excluded UMPD benefits. Because of the similarity of the issues raised in both cases, we consolidated the appeals for disposition. To our knowledge, this is a case of first impression concerning the application of R.C. 3937.181(B) in the context of unidentified, uninsured motorists and UMPD coverage.
Before addressing the merits of the appeals, we must first consider what effect, if any, there is on our standard of review since Brocious's appeal comes to us from a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted while Voggenthaler's appeal comes to us from a Civ.R. 56 motion for summary judgment.
Although the Brocious court issued a judgment entry deciding the case on Civ.R. 12(B)(6) grounds, the court's grounds are not dispositive under the circumstances. The parties have assumed, as did the court, that resolution of the legal issue whether Progressive could validly exclude UMPD claims resulting from property damages "if the owner or operator of the uninsured motor vehicle has not been identified" could be decided by a Civ.R. 12(B)(6) motion. We have some doubt as to the propriety of using Civ.R. 12(B)(6) as a grounds for deciding this issue.
A Civ.R. 12(B)(6) motion tests the legal sufficiency of the claim for relief, not the merits of the action. In other words, the rule seeks to cull only those cases that fail to state a valid claim for relief — not those cases in which the plaintiff may assert a valid claim but cannot succeed as a matter of law. Those cases in which a party claims it is entitled to judgment as a matter of law are more appropriately considered under a Civ.R. 12(C) motion for judgment on the pleadings. InState ex rel. Midwest Pride IV, Inc. v. Pontious, (1996), 75 Ohio St.3d 565,569-570, the Supreme Court held that the standards for Civ.R. 12(B)(6) and (C) motions are similar, but Civ.R. 12 (C) motions are specifically for resolving questions of law. Seealso, Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 166. The Supreme Court went on to say that, "[u]nder Civ.R. 12 (C). dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief."Midwest Pride IV, 75 Ohio St.3d at 570.
In Brocious's action, the court's judgment entry shows it considered the terms of the insurance policy and whether the UMPD exclusions were legally valid. This analysis went beyond that permitted for a Civ.R. 12(B)(6) motion and into territory held by Civ.R. 12(C).
However, the Brocious's court use of Civ.R. 12(C) standard for disposing of the Brocious's class action complaint is not an impediment to our consolidation of the Brocious case with the summary judgment rendered in the Voggenthaler case because the standards of review under both cases are essentially the same.Midwest Pride IV cited to Burnside v. Leiznbach (1991), 71 Ohio App.3d 399,403, for the proposition that "Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." The standard of review for Civ.R. 12(C) motions is functionally equivalent to that of motions brought pursuant to Civ.R. 56. SeeHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66; Boraggina v. Harris (March 31, 1998), Lucas App. No. L-97-1371, unreported. In conformity with Midwest Pride IV, we choose to address the substance of Brocious's claims as being dismissed under Civ.R. 12 (C), and thus address both Brocious's and Voggenthaler's claims together.
 II
The primary complaint by both plaintiffs is that Progressive should not be entitled to define broadly an uninsured motorist as an unidentified hit and run driver and agree to pay property damage caused by the uninsured hit and run driver, but later in the policy exclude from uninsured motorists coverage any damage caused by an unidentified hit and run driver.
R.C. Chapter 3937 distinguishes between uninsured motorists liability coverage for bodily injury (R.C. 3937.18) and uninsured motorists property damages coverage (R.C. 3937.181). Like its uninsured motorists liability coverage counterpart, R.C. 3937.181
(A) requires that insurers make UMPD coverage available to motorists. However, subsection (B) to R.C. 3937.181 states:
 The losses recoverable under this section shall be limited to recovery for that destruction or damage to the automobile or motor vehicle specifically identified in the policy directly caused by an uninsured automobile or motor vehicle whose owner or operator has been identified. (Emphasis added).
The Progressive policy conforms to R.C. 3937.181 because it makes the UMPD coverage available as required under subsection (A), but properly excludes coverage for those insureds who suffer property damage "if the owner or operator of the uninsured motor vehicle has not been identified" as required by subsection (B).
Plaintiffs contend this exclusion is ambiguous because it conflicts with an earlier policy definition of an uninsured motorist and the ambiguity should be resolved in their favor.
An insurance policy is a contract. Ross v. Farmers Ins. Groupof Companies (1998), 82 Ohio St.3d 281, 287. The insurer, being the one who selects the language in the contract, must be specific with the language it uses in the policy, and an exclusion from liability must be clear and exact in order to be given effect. Lane v. Grange Mut. Cos. (1989), 45 Ohio St.3d 63,65, citing Am. Fin. Corp. v. Fireman's Fund Ins. Co. (1968),15 Ohio St.2d 171; Beacon Ins. Co. of Am. v. Kleoudis (1995),100 Ohio App.3d 79, 88. The courts generally presume that if something is not excluded in an insurance contract, it is included. Home Indemnity Co. v. Village of Plymouth (1945),146 Ohio St. 96; King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,214. If the policy contains any ambiguity or contradiction, we must construe the policy in favor of the insured. Thompson v.Preferred Risk Mutual Ins. Co. (1987), 32 Ohio St.3d 340.
Plaintiffs' argument that an ambiguity exists is without merit. It is true that the policy broadly defines an uninsured motorist as "a hit-and-run vehicle whose operator or owner cannot be identified" and which strikes either a covered person or vehicle. But that definition is merely a starting point, not an end, because it must be applied both to uninsured motorist liability coverage and uninsured motorist property damage coverage.
Exclusion 8 under the property damage section of the policy makes a clear and exacting limitation of coverage. Significantly, Progressive gave the following warning before listing exclusions:
"EXCLUSIONS — READ THE FOLLOWING EXCLUSIONS CAREFULLY. IFAN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THISPART III." (emphasis sic.). The exclusions that follow this warning, including Exclusion 8, can in no way be mistaken as not applying under any circumstance.
Plaintiffs curiously maintain this warning "merely states the obvious." We think so too, but perhaps not in a manner suggested by plaintiffs. Contrary to plaintiffs' arguments, an exclusion does not have to offer any guidance as to whether the exclusion takes precedence over the definition of an uninsured motorist. In fact, it would be redundant for a policy to do so. The very nature of an exclusion is that it creates an exception to coverage that might otherwise be available under other terms of the policy. The Progressive policy follows normal application, first detailing the kinds of situations in which coverage will apply, and then excluding, with a conspicuous warning, coverage in certain enumerated circumstances.
Plaintiffs argue that Progressive should have made a clearer point of the exclusion by adding to the exclusion language something along the lines of "notwithstanding any other provision of this policy." This is nothing more than gilding the lily — plaintiffs' proposed language would merely add more words to the policy, not more meaning.
As a matter of law, we find the exclusions clearly and exactly preclude coverage for property damage when the damage is caused by a hit-and-run driver who cannot be identified.
Plaintiffs also complain that Progressive's exclusion is contrary to the public policy expressed in Girgis v. State FarmMut. Ins. Co. (1996), 75 Ohio St.3d 302. In Girgis, the Supreme Court abrogated the "physical contact rule" in uninsured motorists insurance cases brought under R.C. 3937.18, and opted for a corroborative evidence test requiring independent third-party testimony before an insured can recover uninsured motorists benefits. Plaintiffs argue that Girgis represented a judicial recognition that uninsured motorists claims could be made even when the driver of the hit-and-run vehicle could not be identified.
It would be a mistake to characterize R.C. 3937.181 as mandating UMPD coverage on the one hand, but taking that coverage away on the other hand. Girgis was decided under R.C. 3927.18, not R.C. 3927.181. The Court noted R.C. 3927.18 neither requires nor prohibits insurance coverage for "hit and run" accidents.75 Ohio St. 3D at 306. R.C. 3937.181(B), however, specifically does preclude coverage under the circumstances by providing, "[t]he losses recoverable under this section shall be limited to recovery for * * * damage * * * caused by an uninsured automobile or motor vehicle whose owner or operator has been identified." When the General Assembly uses the term "shall," it indicates mandatory application of the law, not discretionary application of the law. Ohio Dept. of Liquor Control v. Sons of Italy Lodge0917 (1992), 65 Ohio St.3d 532, 534. UMPD coverage is simply not available when the operator of the vehicle has not been identified. This fact alone demonstrates that R.C. 3937.181(B) contains different language than R.C. 3927.18.
We also reject plaintiffs' claim that the Progressive policy is contrary to the public policy expressed in Girgis. As we previously noted, the Supreme Court decided Girgis under R.C.3937.18, so Girgis cannot be said to have expressed a public policy applying to R.C. 3937.181.
Moreover, the Ohio Supreme Court long ago stated that "[c]ourts have nothing to do with forming public policy and declare such public policy only after the policy has been formulated by the General Assembly." Korr v. Thomas Emery's Sons, Inc. (1950),154 Ohio St. 11, 18-19. The statement of public policy contained inGirgis came about from the Court's recognition of the implied intent behind the uninsured motorist statute, there being no other explicitly stated legislative intent. The prohibitory language used in R.C. 3937.181(B) clearly demonstrates that the General Assembly promulgated a policy of prohibiting recovery for property damage caused by unidentified drivers. It may be that property damage claims are more easily faked by insureds than personal injury claims under R.C. 3937.18 since uncorroborated damage to a vehicle is even more susceptible to fraudulent claims. In any event, as this is clearly a matter of public policy, we cannot question the wisdom of the General Assembly's decision. Korr, supra; Vance v. St. Vincent Hospital and MedicalCenter (1980), 64 Ohio St.2d 36, 41; Olin Mathieson ChemicalCorp. v. Ontario Store (1967), 9 Ohio St.2d 67, 70. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J.
 DIANE KARPINSKI, J., CONCUR.
 DISSENTING OPINION