[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1211.]

GEORGE SHIMA BUICK, INC., APPELLEE, *v*. FERENCAK, APPELLANT.

[Cite as *George Shima Buick, Inc. v. Ferencak*, 2001-Ohio-238.]

*Appeal and certification of conflict dismissed and judgment of court of appeals vacated for want of jurisdiction.*

(Nos. 00-203 and 00-550–Submitted November 14, 2000–Decided February 7, 2001.)

APPEAL from and CERTIFIED by the Court of Appeals for Lake County, No. 98-L-202.

_____

{¶ 1} The appeal and certification of conflict are dismissed, *sua sponte*, and the judgment of the court of appeals is vacated for want of jurisdiction. *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066. A pleading was not served upon the Attorney General per *Cicco*.

MOYER, C.J., RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

DOUGLAS, J., dissents.

PFEIFER and COOK, JJ., dissent.

_____

LUNDBERG STRATTON, J., concurring.

{¶ 2} This case illustrates the significance and importance of our decision in *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066.

{¶ 3} Each time a party legally challenges the constitutionality of a state statute, the party is, in essence, requesting the court to enter a declaratory judgment that the statute is unconstitutional. Even if the challenge is not initially raised in a "complaint for declaratory judgment" pursuant to R.C. 2721.12, the court must

enter a formal judgment deciding the issue of constitutionality regardless of when the issue is raised. Such a decision is, in fact, a declaratory judgment.

{¶ 4} Pursuant to *Cicco*'s interpretation of R.C. 2721.12, when a party challenges the constitutionality of a state statute, the issue must be framed in a complaint or other initial pleading, such as a counterclaim or cross-claim, and the party asserting the claim must serve the Attorney General in accordance with the methods set forth in Civ.R. 4.1. This assures notice to the Attorney General and allows the Attorney General the opportunity to appear and defend the interests of the state. Without these protections, there is no method to apprise the Attorney General that the constitutionality of a state statute is being attacked.

{¶ 5} This case was filed in small claims court by plaintiff George Shima Buick, Inc., alleging damages of $400.09. The defendant challenged the constitutionality of R.C. 1925.17 in a motion to dismiss. The defendant alleged, in essence, that R.C. 1925.17, which permits a corporation to file and present a claim in small claims court through a bona fide officer or salaried employee, violates the separation of powers doctrine by allowing the General Assembly to make rules that permit the unauthorized practice of law by a layperson. The Attorney General was never served or otherwise notified of the action and did not enter an appearance. The defendant who raised the constitutional issue did not appear even at trial. At the Supreme Court level, the plaintiff-appellee did not file a brief. Nevertheless, based upon this meager record, we were asked to decide the constitutionality of R.C. 1925.17, notwithstanding the fact that R.C. 1925.17 impacts the many corporations that utilize small claims courts.

{¶ 6} However, in accordance with R.C. 2721.12 and *Cicco*, we determined that jurisdiction did not vest in the court of appeals because the Attorney General was not served. Our dismissal of the case is not because this is not an important issue, but because the state did not have the opportunity, afforded by statute, to

appear and be heard. This court's interpretation of R.C. 2721.12 in *Cicco* ensures such a result. Therefore, I concur with dismissal of this case for lack of jurisdiction.

————————————

**COOK, J., dissenting.**

{¶ 7} Because the majority's decision both rewrites statutory law and ignores decisional law, I respectfully dissent.

{¶ 8} The majority states that "the judgment of the court of appeals is vacated for want of jurisdiction" because "[a] pleading was not served upon the Attorney General per *Cicco*." *Cicco*, however, is wholly inapplicable to this case. The *Cicco* majority stated that "[t]he issue before us is what constitutes proper service upon the Attorney General for purposes of former R.C. 2721.12 *in a declaratory judgment action*." (Emphasis added.) *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 97, 728 N.E.2d 1066, 1069. The syllabus of that opinion addresses the obligations that former R.C. 2721.12 imposed upon a party challenging the constitutionality of a statute. Former R.C. 2721.12 provided that it applied only "[w]hen declaratory relief is sought." 144 Ohio Laws, Part II, 2902, 2930. This language in former R.C. 2721.12 is essentially the same as that found in the current version of the statute.

{¶ 9} This case is not a declaratory judgment action. Rather, this cause began as a small claims case initiated by George Shima Buick, Inc. to recover damages and interest after Ferencak stopped payment on a check she had written for automobile repairs. In a motion to dismiss, defendant raised the constitutionality of R.C. 1925.17. Perplexingly, the majority imports the special service requirement of the declaratory judgment statute to this non-declaratory judgment action. It does so without supporting statutory or decisional law.

{¶ 10} This court's long-standing, consistent precedent interprets former R.C. 2721.12 as applicable only in declaratory judgment actions. See, *e.g.*, *State ex rel. Madison v. Cotner* (1981), 66 Ohio St.2d 448, 449, 20 O.O.3d 381, 381-382,

423 N.E.2d 72, 73 ("Examination of [former R.C. 2721.12] reveals [that] it applies to actions in which declaratory relief is sought. This is an original action in mandamus; therefore, that statute is inapplicable."). See, also, *Warren Cty. Bd. of Commrs. v. Lebanon* (1989), 43 Ohio St.3d 188, 189, 540 N.E.2d 242, 244, citing *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 6 O.O.3d 329, 370 N.E.2d 457 ("It is apparent from the language of R.C. 2721.12 that it applies only to cases seeking declaratory judgment which are filed, at least in part, for the purpose of challenging the constitutionality of a statute, ordinance or franchise."); *Canton v. Imperial Bowling Lanes, Inc.* (1968), 16 Ohio St.2d 47, 45 O.O.2d 327, 242 N.E.2d 566. We did not deviate from this pattern in *Cicco*. *Cicco*, 89 Ohio St.3d at 97, 728 N.E.2d at 1069.

{¶ 11} The majority's decision nonetheless takes the special-service requirement from the declaratory judgment statute and demands that it be met in non-declaratory judgment actions. No sound legal reasoning is offered for doing so. Apparently, the majority thinks that it would be good public policy to have the Attorney General served any time a party challenges the constitutionality of a statute. But such public-policy choices are the function of the General Assembly. See *Rambaldo v. Accurate Die Casting* (1992), 65 Ohio St.3d 281, 288, 603 N.E.2d 975, 980 ("This is a public-policy issue which should be addressed by the General Assembly * * *. It is not a problem which should be addressed by this court in a sweeping public-policy statement."); *Lyons v. Lyons* (1965), 2 Ohio St.2d 243, 247, 31 O.O.2d 504, 506, 208 N.E.2d 533, 537 ("If there is to be a change in the public policy of the state * * * it should come from the General Assembly."); *Korr v. Thomas Emery's Sons, Inc.* (1950), 154 Ohio St. 11, 18-19, 42 O.O. 102, 105, 93 N.E.2d 14, 17 ("Courts have nothing to do with forming public policy and declare such public policy only after the policy has been formulated by the General Assembly."); *State ex rel. Williams v. Glander* (1947), 148 Ohio St. 188, 205, 35 O.O. 192, 199, 74 N.E.2d 82, 90 ("So long as an act of the General Assembly is

constitutional, the question of policy is solely for the legislative branch of our state government to determine."). We can only imagine the reaction of the Attorney General to such a proposal if it were subjected to legislative hearings, as any such legislation ought to be. This court, on the other hand, did not even have the benefit of *briefs* on the issue of the statute's scope.

{¶ 12} Accordingly, I disagree with the majority's incorrect procedural disposition and would reach the merits of this case.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____

*Paul Mancino, Jr.*, for appellant.

_____