OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The plaintiffs-appellants, John and Christine Adams ("appellants"), appeal the judgment of the Union County Court of Common Pleas granting summary judgment to the defendant-appellee, Mike Adams ("appellee"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. On December 14, 1999, the appellants filed a complaint against the appellee alleging nuisance and negligence. The appellants contend that the appellee's construction of a hog facility, containing over 1200 hogs, in close proximity to their home, constituted a nuisance. The appellants sought injunctive relief and monetary damages.
In his answer, filed January 26, 2000, the appellee raised an affirmative defense asserting that pursuant to R.C. 929.04, he was entitled to a complete defense for any damage caused by his maintaining a nuisance on the appellants' property. R.C. 929 sets forth the procedures for establishing agricultural districts in Ohio. Once created, these districts enjoy certain rights and privileges, including a complete defense to nuisance actions. On May 16, 2000, the appellants filed a motion to strike the appellee's affirmative defense on the basis that R.C. 929.04 violated their state and federal constitutional rights. The trial court overruled the motion to strike on May 22, 2000.
On June 5, 2000, the appellee filed a motion for summary judgment on the basis that R.C. 929.04 provided him with a complete defense to the appellants' complaint. The appellants filed a motion in opposition asserting that R.C. 929.04 was unconstitutional. The trial court granted the appellee's motion for summary judgment on July 31, 2000. It is from this judgment that the appellants now appeal, asserting two assignments of error.
 Assignment of Error No. 1
The trial court erred when it overruled the Plaintiffs-Appellants' Motion to Strike the Defendant-Appellee's affirmative defense based on §929.04 of the Ohio Revised Code that creates a "complete defense" to the nuisance caused by Defendant-Appellee upon Plaintiffs-Appellants' property because that statutory provision is unconstitutional for violating the Plaintiffs-Appellants' rights under the 5th and 14th Amendments to the United States Constitution and Section 19 of Article I
of the Constitution of the State of Ohio.
 Assignment of Error No. 2
The trial court erred when it granted the Defendant-Appellee's Motion for Summary Judgment dismissing Plaintiffs-Appellants' complaint on the basis of Defendant-Appellee's "complete defense" for conditions constituting a nuisance on the property of others established in § 929.04 of the Ohio Revised Code because that provision is unconstitutional and violates the Plaintiffs-Appellants' rights under the 5th and 14th Amendments to the United States Constitution and Section 19 of Article I of the Constitution of the State of Ohio.
Both of the assignments of error asserted by the appellants challenge the constitutionality of R.C. 929.04. They are essentially arguing that the trial court erred in relying on R.C. 929.04, as the statute is unconstitutional. Before addressing the merits of the appellants' contention, we must first determine whether the trial court had jurisdiction to consider appellants' constitutional attack.
R.C. 2721.12 provides in pertinent part:
 * * * [I]f any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard.
 The Supreme Court of Ohio recently considered the application of R.C. 2721.12 in Cicco v. Stockmaster
(2000), 89 Ohio St.3d 95 . In Cicco, the Court held that under the former version of R.C. 2721.12, which stated that "the attorney general shall also be served with a copy of the proceedings," a party contesting the constitutionality of a statute must assert such a claim in a complaint or other initial pleading, or an amended complaint or amended initial pleading. Id. at 99. Moreover, not only must the party assert the claim in an appropriate proceeding, the party must also serve the Attorney General "with a copy of the proceeding" that raises the constitutional issue. Id. If the party fails to fully comply with the requirements of R.C. 2721.12, a court lacks jurisdiction to render declaratory relief. Id. at 100. See, also, George Shima Buick, Inc. v. Ferencak (2001) 91 Ohio St.3d 1211; Malloy v. Westlake (1977), 52 Ohio St.2d 103, syllabus.
The General Assembly's recent amendment of R.C. 2721.12, which controls in this matter, parallels the Court's decision in Cicco. As stated above, the statute, effective September 24, 1999, now specifically states that if a statute is alleged to be unconstitutional the "attorney general shall also be served with a copy of the complaint in the action or proceeding and shall be heard."
In the case at bar, the appellants first raised the issue of R.C.2721.12's constitutionality in their motion to strike. The appellants failed to amend their complaint to include a challenge of the statute's constitutionality. Furthermore, the record does not indicate that the Attorney General was notified, in any form, that the appellants were challenging the constitutionality of the statute. Thus, the appellants failed to comply with R.C. 2721.12 and properly invoke the jurisdiction of the trial court to consider a constitutional challenge to R.C. 929.04. Consequently, any argument with respect to the statute's constitutionality was not properly before the trial court, or this Court on appeal.
For the reasons set forth above, this Court cannot properly address the appellants' assignments of error.
Judgment affirmed.
 WALTERS, P.J., and SHAW, J., concur.