[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from the Middletown Municipal Court, Small Claims Division, in which the trial court granted judgment in favor of plaintiff-appellee, 4 Aces Sanitation, Inc.
Marita Johnson, Vice-President of 4 Aces Sanitation, Inc., filed a complaint against defendant-appellant, Lamon McIntosh, on behalf of appellee corporation pursuant to R.C. 1925.17. R.C. 1925.17 generally allows for the filing and presentation of contract claims through any bona fide officer or salaried employee of a corporation in the small claims division of a municipal court. Appellant moved the trial court to dismiss the complaint on the basis that R.C. 1925.17 is unconstitutional and, as such, appellee must be represented by counsel. The trial court granted appellant's motion and dismissed the complaint. Appellee retained counsel and re-filed the complaint. Appellant moved the trial court to dismiss the complaint pursuant to Civ.R. 41(B)(3) on the grounds of res judicata. The trial court denied appellant's motion and entered judgment in favor of appellee. On appeal, appellant claims that the trial court erred in denying his motion to dismiss appellee's complaint.
Appellant's assignment of error is overruled because appellee's second complaint was not barred by either res judicata or Civ.R. 41(B)(3). While other appellate courts have ruled on the constitutionality of R.C.1925.17 with differing results,[1] this court has not yet considered the issue. The trial court's decision to dismiss appellee's first complaint was based on the trial court's implied finding that R.C. 1925.17
is unconstitutional. However, the trial court was not vested with jurisdiction to declare — even implicitly — that R.C. 1925.17
is unconstitutional because appellant failed to notify the Attorney General in accordance with R.C. 2721.12 and Civ.R. 4.1. See Cicco v.Stockmaster (2000), 89 Ohio St.3d 95, 97-98; George Shima Buick, Inc. v.Ferencak (2001), 91 Ohio St.3d 1211, 1212 (Lundberg Stratton, J., concurring). Further, the involuntary dismissal of appellee's first complaint was premised on the trial court's conclusion that the purported unconstitutionality of R.C. 1925.17 divested the trial court of jurisdiction over the corporation's complaint as filed by Johnson. Such a dismissal operated as a failure "otherwise than on the merits" pursuant to Civ.R. 41(B)(4). Since the trial court was without jurisdiction to declare R.C. 1925.17 unconstitutional, the trial court's dismissal of appellee's first complaint was contrary to law. Accordingly, appellee was not legally barred from re-filing a second complaint by the trial court's dismissal of the first complaint.
Upon consideration of the foregoing, the trial court's judgment is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
William W. Young, Presiding Judge.
James E. Walsh, Judge and Stephen W. Powell, Judge.
[1] Compare Alliance Group, Inc. v. Rosenfield (1996),115 Ohio App.3d 380, 387 (unconstitutional) with George Shima Buick,Inc. v. Ferencak (Dec. 17, 1999) Lake App. No. 98-L-202, unreported (constitutional), overruled on jurisdictional grounds (2001),91 Ohio St.3d 1211.