DECISION AND JUDGMENT ENTRY
Corinne Knack appeals from the denial of a post-judgment motion to modify the order granting her mother, Kathleen Mudrinich visitation with the appellant's son (Case No. 00CA45) and an order finding Knack in contempt (Case No. 01CA4). We consolidated these cases for review of the following assignments of error:
Case No. 00CA45:
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DETERMINING THAT ORC 3109.12, READ IN CONJUNCTION WITH ORC 3109.051, IS NOT SIMILAR TO WASH. REV. CODE SECTION 26.10.160(3).
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN NOT MODIFYING ITS EARLIER DECISION GRANTING GRANDPARENT VISITATION, SINCE THE 5/12/00 DECISION NEVER ADDRESSED ANY OF THE FACTORS WHICH THE U.S. SUPREME COURT DETERMINED TO BE ESSENTIAL BEFORE INTERFERING WITH A PARENT'S CONSTITUTIONALLY PROTECTED FUNDAMENTAL RIGHT TO RAISE HER CHILDREN WITHOUT STATE INTERFERENCE.
 THIRD ASSIGNMENT OF ERROR
 ORC 3109.12 IN CONJUNCTION WITH ORC 3109.051 ARE EITHER UNCONSTITUTIONAL OR WERE APPLIED IN AN UNCONSTITUTIONAL MANNER IN THE GRANTING OF GRANDPARENT VISITATION AND/OR IN THE REFUSAL TO MODIFY GRANDPARENT VISITATION AFTER TROXEL V. GRANVILLE, 530 U.S. ___, 147 L.Ed.2d 49, 120 S.Ct. 2054 (2000). [SIC].
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT NEVER MADE ANY DETERMINATION THAT CORRINE KNACK WAS AN "UNFIT MOTHER" NOR DID THE TRIAL COURT GIVE ANY SPECIAL WEIGHT TO HER DECISION TO RESIST VISITATION.
 Case No. 01CA4:
 FIFTH ASSIGNMENT OF ERROR
THE MOTION TO MODIFY SHOULD HAVE BEEN GRANTED.
SIXTH ASSIGNMENT OF ERROR
 A FINDING OF CONTEMPT IS INAPPROPRIATE UNDER THE CIRCUMSTANCES AS EXIST HEREIN.
 I.
In December 1999, Mudrinich filed a complaint under the authority of R.C. 3109.12[1] in order to obtain grandparent visitation rights with her grandson, Cory. In February 2000, a magistrate appointed by the trial court recommended a visitation schedule. The appellant filed objections which included a constitutional challenge, however, the trial court adopted the magistrate's decision on May 12, 2000. The appellant did not appeal the trial court's judgment.
In June 2000, Mudrinich filed a Contempt Motion because the appellant had not complied with the visitation order. Appellant responded with a "Motion to Dismiss the Contempt Motion and to Modify the Grandparent Visitation Order." Appellant cited the United States Supreme Court's recent decision in Troxel v. Granville (2000), 530 U.S. 57,120 S.Ct. 2054, 147 L.Ed.2d 49, while reasserting her contention that R.C. 3109.12, construed in conjunction with R.C. 3109.051, was unconstitutional. The trial court denied the appellant's motion to dismiss and modify, specifically finding that Ohio's statute was much narrower than the statute at issue in Troxel.
In February 2001, the magistrate conducted a contempt hearing. The magistrate found the appellant in contempt of the visitation order and ordered her to pay attorney fees. In March 2001, the trial court adopted the magistrate's decision,[2] once again specifically stating thatTroxel is distinguishable from the present case. This consolidated appeal followed.
In early January 2001 the appellant served the Attorney General's office with notice of this case since the constitutionality of a statute was at issue. We granted the Attorney General Amicus Curiae status. The appellee has not made an appearance in this case. However, the Attorney General's stance appears to be consistent with the appellee's interests.
 II.
The appellant has assigned six errors for our review. In the first five assignments of error, the appellant essentially argues that the decision by the United States Supreme Court in Troxel renders R.C. 3109.12, read in conjunction with R.C. 3109.051, unconstitutional. This argument is similar to if not identical to the objection she presented in response to the magistrate's February 2000 visitation decision. Even though the trial court adopted the magistrate's decision over the appellant's objection, she did not appeal that order. In her sixth assignment of error the appellant asks us to reverse her contempt citation.
 III.
Before we turn to the substantive law, we find it necessary to address the Attorney General's procedural concerns. The Attorney General believes that this case should not be decided on the merits. Rather, the Attorney General argues that we should dismiss this case under the authority of R.C. 2721.12[3]. The Attorney General also contends that we should summarily affirm the trial court's judgment because the appellant did not directly appeal the original order that granted grandparent visitation on May 12, 2000.
 Application of R.C. 2721.12
The Attorney General relies on the Ohio Supreme Court's decision inCicco v. Stockmaster (2000), 89 Ohio St.3d 95, 725 N.E.2d 285, for the proposition that the Attorney General must be served before a statute's constitutionality is decided by a trial court. Cicco holds:
 "[a] party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under former R.C. 2721.12.
Id. at the syllabus. However, the Ohio Supreme Court limited the holding in Cicco when they decided Mayer v. Bristow (2000), 91 Ohio St.3d 3,740 N.E.2d 656. In Bristow, the Court decided the constitutionality of R.C. 2323.52 even though the Attorney General was not served at the trial level or in the court of appeals, which addressed the constitutionality of the statute sua sponte. Bristow declared that the purposes behind R.C. 2721.12 were protected because the Attorney General was given the opportunity to defend the statute before the Ohio Supreme Court. Bristow,91 Ohio St. 3d at 9, 740 N.E.2d at 662; but, see Love v. Rable (Mar. 16, 2001), Van Wert App. No. 15-2000-17, unreported (relying on Cicco andGeorge Shima Buick, Inc. v. Ferencak (2001), 91 Ohio St.3d 1211,741 N.E.2d 138 in dismissing the case because R.C. 2721.12 was not followed). Here, the appellant did not serve the Attorney General when she initially challenged the constitutionality of the statute in the trial court. However, the purposes supporting R.C. 2721.12 have been satisfied; we granted the Attorney General amicus status to defend the statute in this court by submitting briefs and presenting oral argument. Therefore, the Attorney General's contention that we lack jurisdiction because of appellant's noncompliance with R.C. 2721.12 is baseless. SeeBristow, supra.
 Failure to directly appeal the May 12, 2000 order
The Attorney General also argues that we should summarily reject the assignments of error because the appellant failed to appeal the trial court's original order granting visitation to the appellee, i.e., we should apply the law of the case doctrine. The "law of the case" is a rule of practice and not a binding rule of substantive law; Nolan v.Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410, 413. It should not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case and to avoid endless litigation by settling the issues. Id. at 5-6. The doctrine provides that an issue that has been determined with finality in a case remains the law of that case on the legal question for all subsequent proceedings in the case at both the trial and reviewing levels. Id.
While courts strive to decide cases on their merits, we see nothing unjust about applying the doctrine under the unique facts of these proceedings. Here, appellant objected to the magistrate's original decision granting grandparent visitation on the basis that R.C. 3109.12
was unconstitutional. In spite of the fact that the trial court rejected this contention and adopted the magistrate's recommendation, appellant chose not to appeal that decision. Appellant acknowledges in her brief that she was aware that Troxel was pending during the trial court's proceedings on the appellee's request for visitation. In her objections to the magistrate's decision, she went as far as requesting a stay pending a decision in Troxel. Yet, when Troxel was released on June 5, 2000, she did not appeal the original visitation order in spite of the fact that the time for filing a notice of appeal had a week to run. The trial court journalized its decision to award grandparent visitation on May 12, 2000; thus the notice of appeal was due June 12 since June 11, 2000, the thirtieth day, fell on a Sunday. See App.R. 4(A) and App.R. 14(A). Moreover, appellant's counsel apparently read Troxel on the same day it was issued. When the time for appeal from the original visitation order of May 12, 2000 ran, the trial court's rejection of appellant's constitutional challenge became the law of the case. In light of appellant's knowledge of Troxel and failure to pursue the issue initially, we see nothing unjust about applying the doctrine of the law of the case here.
Accordingly appellant's first five assignments of error are rejected summarily as having been waived or precluded by the law of the case.
 IV.
Appellant's sixth assignment of error states that the finding of contempt was inappropriate under the circumstances. We review a contempt citation under an abuse of discretion standard. Planned ParenthoodAssoc. of Cincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56,61, 556 N.E.2d 157, 163. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Miller v. Miller, supra at 73, 523 N.E.2d 846, 849. R.C. 2705.02(A) provides that a person is in contempt of court for the "[d]isobedience of, or resistance to, a lawful * * * order, rule, judgment, or command of a court or officer." The appellant contends that if an order granting visitation is unconstitutional when it is made, a person cannot be held in contempt for violating that unconstitutional order. Since we conclude that appellant is precluded from challenging the constitutionality of R.C. 3109.12, we are left with the fact that the appellant voluntarily failed to comply with a valid visitation order. The appellant admitted that she failed to comply with the trial court's order, on at least one occasion, because of her mistaken reliance onTroxel. We see no abuse of discretion by the trial court here. Assignment of error six is overruled.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] R.C. 3109.12 provides in part:
 If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child.
The court may grant the parenting time rights or companionship or visitation rights requested under division (A) of this section, if it determines that the granting of the parenting time rights or companionship or visitation rights is in the best interest of the child. In determining whether to grant reasonable parenting time rights or reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set for the in division (D) of section 3109.051
[3109.05.1] of the Revised Code.
[2] The trial court slightly modified the magistrate's decision by finding the appellant in contempt only for the refusals to comply with visitation order after the trial court first affirmed the visitation order in May 2000. The magistrate held the appellant in contempt for all violations after the magistrate's decision in March 2000. Nevertheless, the trial court adopted the magistrate's finding of contempt and award of attorney fees.
[3] R.C. 2721.12 provides in part:
 Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. * * * [I]f any statute * * * is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard.